J-S13005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY KINNEY | : | |
| | : | |
| Appellant | : | No. 318 WDA 2017 |

Appeal from the Judgment of Sentence January 18, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000388-2016,
CP-02-CR-0000393-2016, CP-02-CR-0000618-2016,
CP-02-CR-0001535-2016, CP-02-CR-0001540-2016,
CP-02-CR-0001668-2016, CP-02-CR-0002232-2016,
CP-02-CR-0002233-2016, CP-02-CR-0006736-2016

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:　　　　　　　　**FILED JUNE 12, 2018**

Appellant, Anthony Kinney, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his open guilty plea to thirteen counts of receiving stolen property, three counts of theft by unlawful taking, two counts each of conspiracy and simple assault, and one count each of flight to avoid apprehension, trial or punishment, resisting arrest, fleeing or attempting to elude police, possession of drug paraphernalia, and several summary offenses.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant

---

[1] 18 Pa.C.S.A. §§ 3925(a), 3921(a), 903, 2701(a), 5126(a), 5104; 75 Pa.C.S.A. § 3733(a); 35 P.S. § 780-113(a)(32), respectively.

facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN SENTENCING [APPELLANT] TO MULTIPLE CONSECUTIVE SENTENCES TOTALING 7 TO 14 YEARS' IMPRISONMENT FOR PROPERTY CRIMES WHERE THE COURT DID NOT MEANINGFULLY CONSIDER ALL RELEVANT SENTENCING CODE FACTORS; THAT THE CRIMES WERE DUE TO [APPELLANT'S] DRUG ADDICTION AND NEED FOR PROPER TREATMENT; THAT [APPELLANT] TOOK RESPONSIBILITY FOR HIS ACTIONS BY PLEADING GUILTY, AND EXPRESSED SINCERE REMORSE; THAT [APPELLANT] IS HIGHLY MOTIVATED TO STAY CLEAN DUE TO THE BIRTH OF HIS DAUGHTER; AND THE COURT DID NOT GIVE ANY REASONS FOR IMPOSING CONSECUTIVE RATHER THAN CONCURRENT TERMS IN FASHIONING A SENTENCE?

(Appellant's Brief at 15).

Appellant argues the court imposed a manifestly excessive and unreasonable sentence and failed to consider the relevant criteria contained in the Sentencing Code, which resulted in a sentence that is inconsistent with the protection of the public, the gravity of the offense as it relates to the impact on the community, and Appellant's rehabilitative needs. Specifically, Appellant claims the court did not consider his background or his history of drug addiction. Appellant asserts the court did not take into account Appellant's willingness to take responsibility for his actions and his expression of remorse at sentencing. Appellant avers his cumulative sentence is excessive, and the court failed to provide adequate reasons for the imposition of consecutive sentences. Appellant concludes this Court should vacate and

remand this matter to the trial court for a new sentencing hearing. As presented, Appellant challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); *Commonwealth v. Lutes,* 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

> brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. An allegation that the sentencing court failed to consider certain mitigating factors, absent more, does not raise a substantial question for our review. *Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (Pa.Super. 2010), *appeal denied*, 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied*, 565 U.S. 1263, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012).

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011) (quoting *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa.Super. 2006)). A basic "allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Cruz-Centeno, supra* at 545. *See also Commonwealth v. Foust*, 180 A.3d 416, 434 (Pa.Super. 2018) (regarding mere challenge to imposition of concurrent versus consecutive sentences, "extensive case law in this jurisdiction holds that defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence.").

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Where the sentencing court had the benefit of a presentence investigative report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law generally views the sentence as appropriate under the Sentencing Code. *See Cruz-Centeno, supra* (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Randal B. Todd, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed October 30, 2017, at 5-6) (finding: court considered PSI and statutory factors under 42 Pa.C.S.A. § 9721(b) when

- 6 -

imposing sentences in nine separate cases; Appellant committed these current offenses against multiple victims while he was on parole; Appellant has become serial offender; current crimes involved violence, including assault, flight to avoid apprehension, resisting arrest, and fleeing and eluding; court declined to impose maximum sentence, as victims had requested, because Appellant apologized and accepted responsibility for his actions; court considered Appellant's entire background, along with gravity and repeated nature of his past and current offenses, and their impact on victims and community as whole, given repeated nature of his crimes, Appellant's acceptance of responsibility, and Appellant's potential for addiction treatment; court appropriately sentenced Appellant).[3]  Appellant has given this Court no sound reasons to disturb the sentence.  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/12/2018

---

[3] The record shows the court imposed standard range or probation sentences.